Michael GARRISON, Plaintiff–
Appellant,

v.

Katherine CORR, Inspector/STG coordi-
nator, Carson City Temporary Facili-
ty, in her official and personal capaci-
ty, et al., Defendants–Appellees.

No. 00–2228.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

## ORDER

Michael Garrison, a Michigan prisoner proceeding pro se, appeals the district court order granting summary judgment to the defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Garrison sued Katherine Corr, P. Churchill, Robert Mulvaney, Kenneth McKee, Kenneth L. McGinnis, Sue Deal, and Lisa Stoudt. Garrison alleged that: (1) Stoudt and Deal violated his First Amendment right of access to the courts; and (2) the remaining defendants violated his First Amendment right of freedom of expression and his Fourteenth Amendment rights to due process and equal protection when they classified him as a member of a security threat group (STG) and transferred him to a more restrictive prison. The magistrate judge recommended granting the defendants' motion for summary judgment. The district court accepted the magistrate judge's report in part, rejected it in part, and dismissed the case.

■■■ Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). First, defendants Deal and Stoudt were entitled to judgment on Garrison's denial of access to the courts claim. Garrison claimed that Stoudt improperly failed to release funds from his prison account, causing him to have a state court case dismissed. In the district court, Garrison conceded that Deal was not involved. Moreover, the correspondence in the record between Stoudt, Garrison, and the state court make it clear that Stoudt was at worst negligent in her handling of Garrison's funds. Negligence does not suffice to state an access to the courts violation under § 1983. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 127–30, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Harrell v. Cook,* 169 F.3d 428, 431–32 (7th Cir.1999).

■■■ Second, we conclude that the district court properly granted summary judgment to the defendants on Garrison's freedom of expression claim. Garrison alleged that the defendants improperly identified him as a gang-related security threat because he wore an "Insane Clown Posse" tee-shirt and joined a group known as the Latin Counts. A prison regulation challenged on constitutional grounds is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley,* 482

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Identifying, reclassifying, and separating prisoners who are members of groups that engage in planning or committing unlawful acts or acts of misconduct "targets a core threat to the safety of both prison inmates and officials." *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 469 (4th Cir.), *cert. denied*, 528 U.S. 874, 120 S.Ct. 179, 145 L.Ed.2d 151 (1999). Thus, the defendants' STG policy did not encroach unconstitutionally on Garrison's limited right to express himself by joining a gang. *See id.*

 Third, we agree with the district court that the defendants were entitled to summary judgment on Garrison's equal protection claim. Garrison alleged that the defendants singled him out by not permitting him to renounce his membership in the Latin Counts, and singled the Latin Counts out by designating it as an STG while not so classifying other prisoner groups. This claim fails because Garrison presented no proof beyond his conclusory allegations that other prisoners or other groups were treated more favorably than he and the Latin Counts. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999).

 Garrison's argument that the district court erred by denying him the right to conduct discovery needed for his equal protection claim is without merit. Garrison has never explained what information he could have obtained or how it would have helped his case. His nebulous assertion that more discovery time would have produced evidence to defeat summary judgment is unavailing. *See Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 138 (6th Cir.1993). Accordingly, the district court did not abuse its discretion when the court denied Garrison's discovery request. *See Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir.1997).

 Finally, we conclude that the district court properly granted summary judgment to the defendants on Garrison's due process claim. He alleged that he was reclassified and transferred without a hearing. The defendants were entitled to a judgment as a matter of law on this claim because Garrison had no constitutional right to be held in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

There is no genuine issue as to any material fact and the defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). For the foregoing reasons, we deny all pending motions and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.